UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HACENE MEZRI,
        Petitioner,

    v.                                               CIVIL ACTION NO. 13-11152-GAO

ATTORNEY GENERAL ERIC HOLDER, et al.,
        Respondents.

## MEMORANDUM AND ORDER

O'TOOLE, D.J.

    On May 9, 2013, Hacene Mezri, an immigration detainee currently confined at the Strafford County Jail in Dover, New Hampshire, filed a motion for release from detention and a petition under 28 U.S.C. § 2241 for a writ of habeas corpus. He did not pay the $5.00 filing fee. For the reasons stated below, the court orders that this action be transferred to the United States District Court for the District of New Hampshire.

    Mezri maintains that, under the principles of due process articulated by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001), he is entitled to immediate release. He represents that his removal order became final more than six months ago, that it is not likely that he will be removed to Algeria in the reasonably foreseeable future, and that he has fully cooperated with ICE. From the exhibits accompanying the petition, it appears that Merzi previously resided with his family in Massachusetts and the removal proceedings against him occurred in Massachusetts.

    Because Mezri is not in custody within the District of Massachusetts, the court is without jurisdiction to adjudicate this matter. Under 28 U.S.C. § 2241, a federal court has the authority to entertain a petition for a writ of habeas corpus brought a petitioner who is within the court's jurisdiction at the time the petition is filed. See 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present

physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Because Mezri is confined within the District of New Hampshire, this court is without jurisdiction to entertain the petition.

Under 28 U.S.C. § 1404(a) "in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Because Mezri presents a colorable claim for habeas relief, the court finds that it is in the interest of justice to transfer the action to the district of his confinement.

Accordingly, the Clerk shall transfer this action to the United States District Court for the District of New Hampshire. This case shall then be closed on the docket of this court.

SO ORDERED.

 May 16, 2013                                            /s/ George A. O'Toole, Jr.
DATE                                                     GEORGE A. O'TOOLE, JR.
                                                         UNITED STATES DISTRICT JUDGE